Robert B. Ryder (SBN 106257)
rbryder@ww.law
Spencer J. Reckon (SBN 312909)
sjreckon@ww.law
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Tel: (949) 475-9200 / Fax: (949) 475-9203

Attorneys for Defendant
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SUZANNE FURTIVO,<br><br>    Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware LLC; MAULID ALI HUSSEIN; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 2:20-cv-08746<br><br>Assigned to District Judge Courtroom<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY OF CITIZENSHIP]**<br><br>State Court Case No.: 20STCV11679<br><br>State Court Action Filed: March 24, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC ("Defendant Swift"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case from the Superior Court in and for and Los Angeles County, California to the United States District Court for the Central District of California, Western Division. In support of this Notice, Defendant Swift avers:

## I. INTRODUCTION

This case arises out of an alleged May 19, 2018 motor vehicle accident

involving an automobile in which Plaintiff Suzanne Furtivo was a passenger and a tractor-trailer driven by Defendant Maulid Ali Hussein ("Defendant Hussein"). (Ex. A ¶¶ 5-7)  Plaintiff further alleges Defendant Hussein was an agent or employee of Defendant Swift. (Id. ¶ 9)  As a result of the accident, Plaintiff claims she sustained injuries as well as "great mental, physical, and nervous pain and suffering . . . that . . . will result in some permanent disability." (Id. ¶ 11)  Plaintiff's Complaint, filed on March 24, 2020 in Los Angeles County Superior Court, was served on Defendant Swift on August 25, 2020. (Ex. G)  To date, Defendant Hussein has not been served. (Ex. J, Hussein Decl. ¶ 7)  As of the date of this Notice, Swift has not responded to Plaintiff's Complaint.  As discussed further, *infra*, Defendant seeks to remove this matter pursuant to the Court's diversity jurisdiction because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332.

## II.   PLEADINGS FILED IN STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers or exhibits served on or by Defendant Swift in the state court action will be filed and/or are attached as Exhibits and include the following:

| DATE | DOCUMENT FILED | EXHIBITS |
|---|---|---|
| 3/24/20 | Complaint | A |
| 3/24/20 | Civil Case Cover Sheet | B |
| 3/24/20 | Summons Issued on the Complaint | C |
| 3/24/20 | Notice of Assignment of Unlimited Civil Case | D |
| 4/8/20 | PI General Order | E |
| 4/8/20 | Certificate of Mailing for PI General Order and Standing Order regarding PI Procedures and Hearing Dates | F |
| 8/25/20 | Service of Process on Swift | G |

///

### III. LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have original jurisdiction over civil actions brought in diversity, in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Federal district courts also have original jurisdiction "of all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

Defendant Swift invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as Defendant Swift is a citizen of Delaware and Arizona, Defendant Hussein is a citizen of North Dakota, Plaintiff is a citizen of California, and the amount in controversy exceeds $75,000, exclusive of interests and costs. Pursuant to 28 U.S.C. § 1446:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (2020). If the basis for removal is not facially apparent from the Complaint, a defendant may file a notice of removal within 30 days after receipt of information "from which it may first be ascertained that the case is one which is or has become removable" such as the record in the state court proceeding or a response to discovery. 28 U.S.C. 1446(c). As noted, *supra*, Defendant Swift was served with Plaintiff's Complaint on August 24, 2020. Consequently, removal is timely pursuant

to 28 U.S.C. §1446(b)(2)(B).

Venue exists in the Central District of California, Western Division because the Superior Court for Los Angeles County, California, is within the Western Division. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Superior Court in and for Los Angeles County, California, pursuant to 28 U.S.C. § 1446(d).

### A. Diversity of Citizenship Exists.

Complete diversity jurisdiction must exist at the time an action is filed and applies whether or not all defendants have been served. Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (recognizing diversity must exist both at the time the complaint was filed in state court and at the time of removal). The party asserting the existence of diversity jurisdiction bears the burden of pleading the existence of that jurisdiction, and if diversity jurisdiction is challenged, that party also bears the burden of establishing jurisdiction by a preponderance of the evidence. Abrego v. Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006). Parties may submit evidence outside the complaint when supporting or challenging removal, such as affidavits, declarations, and other summary-judgment type evidence. Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

A removing "defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. In some instances, assessing damages at this stage requires a chain of reasoning that includes assumptions, and "[w]hen that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." Id. at 1199. Ultimately, citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

///

### 1. Plaintiff is a Citizen of California

To establish citizenship for diversity purposes, a natural person is a citizen of the state he or she is domiciled with an intent to remain. Pursuant to her Complaint, Plaintiff "is and at all times relevant was, a resident of the County of Los Angeles, State of California." (Ex. A, ¶ 2) As Plaintiff was domiciled in California both at the time of the May 2018 accident at in March 2020 when she filed her Complaint, she is unquestionably a citizen of California.

### 2. Defendant Hussein is a Citizen of North Dakota

In her Complaint, Plaintiff avers Defendant Hussein is "a resident of the State of North Dakota." (Id. ¶ 3) During his tenure with Swift, Defendant Hussein was domiciled in North Dakota and was at all times relevant hereto a citizen of the State of North Dakota. (See Ex. H, Anne Rowell Decl. ¶ 5) In September 2020, Defendant Hussein briefly lived in temporary housing at a hotel in Columbus, Ohio. (See Ex. J, M. Hussein Decl. ¶ 3) Defendant Hussein has never resided in California. (Id. ¶ 5) He presently resides in North Dakota and intends to remain there indefinitely. (Id. ¶ 2) As a result, it is clear Defendant Hussein is a citizen of North Dakota.

### 3. Defendant Swift is a Citizen of Delaware and Arizona

The rules for cases involving entities rather than individuals depends on the form of the entity. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). For the purposes of determining diversity, a corporation is considered a citizen of the state where it has been incorporated and of the state in which it has its principle place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010) (recognizing a corporation's principal place of business means the nerve center of the corporation, which will typically be found at the corporation's headquarters). In contrast, a limited liability company is a citizen of any state where a member of the company is a citizen. See Johnson, 437 F.3d ay 899 (explaining that analogous to "a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land &

Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) (recognizing "[a] limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

A defendant is presumed to know the facts surrounding its own citizenship, as is the case here. In the instant case, it is clear Defendant Swift is not a citizen of the State of California. (Ex. H, Anne Rowell Decl. ¶¶ 3-4) Swift Transportation Co. of Arizona, LLC is a limited liability company organized under the law of the State of Delaware. (Ex. H, Anne Rowell Decl. ¶ 4) Swift Transportation Co., LLC is the sole member and manager of Swift Transportation Co. of Arizona, LLC. (Id.) Swift Transportation Co., LLC is a limited liability company organized under the law of the State of Delaware. (Id.) Knight-Swift Transportation Holdings, Inc. is the sole member of Swift Transportation Co., LLC. Knight-Swift Transportation Holdings, Inc. was incorporated in Delaware and maintains its principal place of business and headquarters in the State of Arizona. (Id.) Based on Hertz, Knight-Swift Transportation Holdings, Inc. is a Citizen of Delaware and Arizona. See Hertz, 559 U.S. at 81.

Accordingly, for diversity purposes and based on the citizenship of its members, Defendant Swift is a citizen of the State of Delaware and the State of Arizona.

Moreover, the citizenship of "Dos 1-10" is irrelevant for purposes of removal. "The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)). Therefore, there is complete diversity of citizenship of all parties.

**B.     The Amount in Controversy Exceeds $75,000.00.**

Regarding the quantitative amount in controversy requirement, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." Snyder v. Harris, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is that which exceeds $75,000. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"). The Court may consider the complaint, facts presented in the removal petition, and any summary-judgment type evidence relevant to the amount in controversy at the time of removal a preponderance of the evidence, that the jurisdictional threshold is met. Fritsch v. Swift Transp. Co. of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018).

In the instant case, the amount of controversy is not readily apparent from the face of Plaintiff's Complaint, which she filed as an unlimited civil case—i.e. one in which damages exceed $25,000. In the context of personal injury cases in which the complaint does not specify the amount of damages, courts have found that the amount in controversy is apparent from the face of the complaint where the complaint describes specific injuries or otherwise reflects the nature of the injuries and treatment. See, e.g., Calkins v. Sw. Airlines Co., No. 2:19-cv-01215-SVW-MRW (SVW), 2019 WL 1553665, at *2 (C.D. Cal. Apr. 10, 2019) (holding allegations in the complaint gave sufficient notice of removability by providing a highly detailed description of the "serious and long-term injuries" the plaintiff suffered as a result of falling out of her wheelchair and down an airport terminal escalator); Moore v. CVS Health Corp., No. EDCV 17-888 (JGB), 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017) (finding the amount in controversy was "reasonably apparent" due to the severity and specificity of plaintiff's alleged injuries and damages resulting from being prescribed an inappropriate dosage of medicine).

On the other hand, where the complaint includes only general allegations about the plaintiff's injuries, such as allegations that the plaintiff's injuries were "serious," "severe," or "debilitating," without alleging specific facts showing the nature and extent of the plaintiff's injuries and the treatment required as a result of those injuries, courts have found that such allegations are insufficient to trigger the 30-day removal period. See, e.g., Afshar v. Wal-Mart Stores, Inc., No. 2:18-cv-00947-RFB-GWF (RFB), 2018 WL 6178521, at *2 (D. Nev. Nov. 27, 2018) (holding that the complaint failed to provide sufficient notice of removability where it described the plaintiff's injuries as "serious," "severe," and "debilitating" but did not provide specific details as to the nature and extent of the injuries); Corbelle v. Sanyo Elec. Trading Co., LTD., No. C-03-1509 EMC, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003) (holding the amount in controversy requirement was not apparent from a complaint which averred the plaintiff sustained "serious and permanent injuries" because the complaint did not contain specific allegations as to the nature of plaintiff's injuries, the treatment she received or her prognosis, and was unclear as to the magnitude of her lost wages).

Plaintiff's Complaint alleges that as a result of the subject motor vehicle accident, she sustained injuries as well as "great mental, physical, and nervous pain and suffering . . . that . . . will result in some permanent disability," "was required to and did employ physicians and surgeons," missed work and lost wages and "sustained a loss of earning capacity."  (Ex. A ¶¶ 11-13)  As in Afshar and Corbelle, these allegations are not necessarily specific enough to trigger the 30-day removal period under 28 U.S.C. § 1446(b)(1).  Further, while the complaint identifies the *types* of damages Plaintiff seeks, namely, lost wages, hospital and medical expenses, general damages and lost earning capacity, it does not include specific amounts or other details for these categories. Therefore, although Plaintiff's Complaint put Defendant Swift on notice that she incurred medical expenses and missed work, it did not put Swift on notice that these types of damages exceeded $75,000.  As a result, because the Complaint required Swift to speculate as to whether the amount in controversy

requirement was met, it did alone not trigger the 30-day window under 28 U.S.C. § 1446(b)(1).

However, district courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 770 (11th Cir. 2010). Where medical records include cost estimates or billing information, they may be sufficient to put a defendant on notice that a case is removable. See Naranjo v. Walmart, Inc., No. 218CV10040RGKFFM, 2019 WL 446223, at *3 (C.D. Cal. Feb. 4, 2019). In Naranjo, the court concluded the plaintiff's medical records were sufficient to put the defendant on notice that the amount-in-controversy requirement was met because the records contained a treating physician's report "clearly stating that [the] [p]laintiff was advised to undergo a surgery, which was to be scheduled soon, that would cost an estimated $250,000." Id. On the other hand, courts in the Ninth Circuit have found medical records that do not include the cost of past treatment or estimates of the cost of required future treatment are insufficient to start the running of the 30-day removal period under § 1446(b)(3). See, e.g., Stiren v. Lowes Homes Centers, LLC, No. 8:19-cv-00157-JLS-KES (JLS), 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) (holding that medical records and interrogatory responses detailing the extent of Plaintiff's injuries were not sufficient to trigger 30-day removal requirement, even if a "simple internet search would have revealed the nature of required treatment and corresponding costs" because under Ninth Circuit precedent a defendant does not have a duty to investigate); State Farm Mut. Auto. Ins. Co. v. Camco Mfg., Inc., No. 3:12-CV-00222-LRH (LRH), 2012 WL 3962470, at *3 (D. Nev. Sept. 10, 2012) (finding that despite the subject rollover accident, "the information contained in [plaintiffs'] medical records does not clearly indicate that the [plaintiffs] sustained such injuries that their personal injury claims would bring this case over the jurisdictional threshold").

Here, Defendant Swift does not rely on the Complaint alone to establish the

requisite jurisdictional amount by a preponderance of the evidence. See Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (recognizing where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement). The preponderance of the evidence standard is clearly met in this case. Specifically, the medical records provided to Defendant Swift include billing information for Plaintiff's treatment from 9-3-19 to 1-16-20, which reflect total charges of $96,116.50. (Ex. I, S. Reckon Decl. ¶ 2) Moreover, on August 11, 2020, Plaintiff's counsel advised defense counsel that Plaintiff had back surgery in March 2020. (Ex. I, S. Reckon Decl. ¶ 3) Taken together, the $96,116.50 in medical expenses through January 2020, additional back surgery in March 2020, and the debilitating nature of the damages alleged—including, *inter alia*, Plaintiff's allegations of (1) "great mental, physical, and nervous pain and suffering;" (2) a "permanent disability;" (3) treating with "physicians and surgeons;" (4) incurring medical expenses and "incidental expense;" (5) lost wages; and (6) "loss of earning capacity" there amount in controversy is unquestionably greater than $75,000. (See Ex A ¶¶ 11-13; Ex. I ¶¶ 2-3)

Federal courts have found less serious allegations than those present here satisfy the amount in controversy requirement. See, e.g., Andrews v. E.I. Du Pont De Nemours & Co., 447 F.3d 510, 515 (7th Cir. 2006) (finding the jurisdictional amount requirement met where plaintiff alleged severe and permanent injuries, pain and suffering, and medical expenses); Gebbia v. Wal-Mart Stores, 233 F.3d 880, 888 (5th Cir. 2000) (holding alleged damages in a slip-and-fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount); Quinn v. Kimble, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (holding the amount in controversy requirement satisfied

where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life).

Finally, although Defendant Swift denies it should be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the court must presume that Plaintiff will prevail on each and every one of her claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (recognizing the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious). Therefore, this Court should look to the notice of removal to make an independent evaluation of the monetary value of the claims asserted. In so doing, it is readily apparent by a preponderance of the evidence that the amount in controversy requirement is satisfied.

**C. Removal is Otherwise Proper**

Defendant Hussein has not be formally served with a Summons and Copy of the Complaint, in investigating the matter for Defendant Swift, undersigned defense counsel spoke to and obtained a declaration from Defendant Hussein establishing his domicile at the time the action commenced and consenting to removal of the case. (See Ex. J, ¶¶ 2-7) However, even in the absence of such consent, Defendant Swift avers it is excused from the judicially-imposed requirement for unanimous consent to removal by all defendants because Defendant Hussein has not be "properly . . . served in the action." Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011). Even assuming, *arguendo*, Defendant Hussein had been properly served, the Court should allow Swift to cure the defect by obtaining joinder of all defendants prior to the entry of judgment. See id. Because the only other individually named Defendant has not been served, appeared, or in any way participated in the state court litigation, Defendant Hussein's consent is both unnecessary and impractical. However, Defendant Hussein's consent was obtained in an abundance of caution and to preclude

Plaintiff from arguing lack of consent serves as a sufficient basis to remand the action to state court.

## IV. CONCLUSION

WHEREFORE, upon consideration of the foregoing, Notice is hereby given that Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, removes this case from the Superior Court in and for Los Angeles County, California to the United States District Court for the Central District of California, Western Division. Defendant reserves the right to supplement this Notice of Removal should additional information become available. The filing of this Notice of Removal is subject to, and without waiver of, any defense any defenses, both mandatory and discretionary provided for under California law.

DATED: September 23, 2020        **WOLFE & WYMAN LLP**

By: */s/ Spencer J. Reckon*
      ROBERT B. RYDER
      SPENCER J. RECKON
Attorneys for Defendants
**Attorneys for Defendant**
**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**